# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**JAMES FARON BANARD JACKSON**                                               **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 3:18-CV-P228-RGJ**

**HARDIN COUNTY ATTORNEY et al.**                                      **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff James Faron Banard Jackson, filed a *pro se*, *in forma pauperis* complaint. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate housed at the Hardin County Detention Center (HCDC). He names as Defendants the Hardin County Attorney Office and, in their individual and official capacities, Hardin County Attorneys Jennifer B. Oldham and Don Jones. He states that he is a "man being murdered to be framed for murders and other crimes need me dead to do so." He alleges that he has been entrapped by the Hardin County Drug Task Force, the Elizabethtown Police, the Hardin County Attorney's Office, Defendants, and others "to scare me into taking a plea to keep me here as long as possible." He alleges that he is trapped "in a huge arsenic conspiracy." He references a letter written in 2014 by his father, a retired Elizabethtown police officer, in state criminal case "14-cr-00024" stating that Plaintiff is a paranoid schizophrenic who is "paranoid of everything and everybody."

As relief, Plaintiff asks for monetary and punitive damages and injunctive relief in the form of being released from jail and having his record expunged.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint and its attachment contain many of the same allegations and claims made by Plaintiff in two prior actions recently dismissed by this Court, *Jackson v. Hardin Cty. Drug Task Force DEA et al.*, 3:18-cv-P88-CRS, and *Jackson v. Shane Young et al.*, 3:18-cv-P165-DJH. This action will be dismissed for the same reasons.

Here, Plaintiff, as he did in his prior two actions, again alleges a vast conspiracy of various actors in Hardin County. He asserts that his life is in danger and that he is trapped "in a

huge arsenic conspiracy." He again references the 2014 letter by his father in a state-court criminal case purportedly stating that Plaintiff is a paranoid schizophrenic who is "paranoid of everything and everybody."

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555; *see also Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) ("'It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). Plaintiff's complaint contains only sweeping and conclusory allegations of a vast conspiracy against him, suggesting no more than the mere possibility that any Defendant has acted unlawfully. For these reasons, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Further, any § 1983 action challenging the validity of a state-court conviction is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on

his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Finally, to the extent that Plaintiff wishes to challenge his state-court conviction or sentence by asking for release from imprisonment and expungement of his record, he may only do so through a petition for writ of habeas corpus. "A state prisoner's immediate or speedier release from incarceration is available only under § 2254, not § 1983." *Sisson v. Commonwealth of Ky.*, No. 4:10CV-P7-M, 2010 WL 715840, at *2 (W.D. Ky. Feb. 24, 2010).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date:

cc: Plaintiff, *pro se*
     Defendants
     Hardin County Attorney
A961.009

4